# EXHIBIT A-1

# MEMORANDUM OF LAW

## ARGUMENT

### I. THE AWARD MUST BE CONFIRMED IN ACCORDANCE WITH 29 U.S.C. § 185 and 9 U.S.C. § 9

Section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. Sec. 185, grants federal courts jurisdiction to confirm labor arbitration awards. *Local 802, Associated Musicians of Greater New York v. The Parker Meridian Hotel*, 145 F.3d 85, 88 (2d Cir. 1998); *see also Kallen v. District 1199, Nat'l Union of Hosp. Care Employees*, 574 F.2d 723, 725 (2d Cir. 1978) (noting that "federal courts indisputably have jurisdiction under Section 301 to *enforce* a labor arbitration award.") (*emphasis* added.) The standard for confirming labor arbitration awards is highly deferential.

The Federal Arbitration Act ("FAA") sets forth the procedure for confirming an arbitration award. 9 U.S.C. §§ 1-16. The party seeking confirmation of the award begins by filing a petition to confirm the award. 9 U.S.C. § 6. The petition is to include a copy of the arbitration agreement, the arbitrator's award, and supporting affidavits or other papers used to support the application. 9 U.S.C. § 13. The adverse party must be served with copies of the petition and supporting papers. 9 U.S.C. § 9.

To effectuate the federal policy favoring arbitration, confirmation proceedings under 9 U.S.C. § 9 are extremely narrow inquiries with limited judicial review of the arbitration process and the award. *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001). "Courts are not authorized to review the arbitrator's decision on the merits despite allegations that the decision rests on factual errors or misinterprets the parties' agreement." *Id.*. Confirmation proceedings, therefore, are intended to be summary in nature. *D.H. Blaire & Co., Inc. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006). The confirmation process does not serve as an

opportunity to re-litigate the issues resolved in the arbitration award. *Amicizia Societa Navegazione v. Chilean Nitrate & Iodine Sales Corp.*, 274 F.2d 805, 808 (2d Cir. 1960).

The FAA presumes that arbitration awards will be confirmed. Section 9 of the FAA expressly provides that a motion to confirm an arbitration award must be granted unless the award has been vacated, modified or corrected under Section 10 or 11 of the FAA. *D.H. Blair*, 462 F.3d at 110 ("Normally, confirmation of an arbitration award is 'a summary proceeding that merely makes what is already a final arbitration award a judgment of the court,' … and the court 'must grant' the award 'unless the award is vacated, modified or corrected.'") (*quoting Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984) and 9 U.S.C. § 9); *Ottley v. Schwartzberg*, 819 F.2d 373, 376 (2d Cir. 1987) ("Absent a statutory basis for modification or vacatur, the district court's task was to confirm the arbitrator's final award as mandated by section 9 of the Act."); *Smiga v. Dean Witter Reynolds, Inc.*, 766 F.2d 698, 707 (2d Cir. 1985) ("The Arbitration Act is clear that a motion to confirm must be granted 'unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.'") (*quoting* 9 U.S.C. § 9).

The Supreme Court similarly held that an application for an order confirming an arbitration award "will get streamlined treatment as a motion, obviating the separate contract action that would usually be necessary to enforce or tinker with an arbitral award in court." *Hall Street Associates LLC v. Mattel, Inc.*, 128 S.Ct. 1396, 1402 (2008) ("Under the terms of [FAA] Sec 9, a court 'must' confirm an arbitration award 'unless' it is vacated, modified, or corrected 'as prescribed' in Secs 10 and 11."). As the Supreme Court made clear, "[t]here is nothing malleable about 'must grant,' which unequivocally tells courts to grant confirmation in all cases, except when one of the 'prescribed' exceptions applies." *Id.* at 1405.

Accordingly, as the Award has not been vacated, modified or corrected pursuant to 9 U.S.C. §§ 10 and 11, the Award must be confirmed.

## II. THE AWARD MUST BE CONFIRMED BECAUSE THE PARTIES AGREED THAT ARBITRATION DECISIONS MUST BE FINAL AND BINDING

The courts consistently recognize that parties to a collective bargaining agreement consent to judicial confirmation of arbitration awards through the language of the agreement when the agreement declares that arbitration awards shall be final and binding. *Kallen v. District 1199, Nat'l Union of Hosp. Care Employees*, 574 F.2d 723, 725-26 (2d Cir. 1978)(holding that "[an] Employer can hardly avow that an award will be 'final, conclusive and binding' upon it without implicitly agreeing that federal court intervention may be sought to compel compliance."); *I/S Stravborg v. Nat'l Metal Converters, Inc.*, 500 F.2d 424, 426-27 (2d Cir. 1974)(finding that "both parties in fact consented to the entry of judgment on any arbitral award entered" when the language of the parties' agreement provided that the arbitrators' decision 'shall be final.'"); *Home Insurance Co. v. RHA/Pennsylvania Nursing Homes, Inc.*, 127 F.Supp.2d 482, 485 (S.D.N.Y. 2001)("As a practical matter, parties who agree not only to arbitrate their disputes, but that any award shall be final, intend that any such award may be enforced in the courts.")

Article XIV of the CBA between the Union and Respondent provides that "[t]he decisions and findings of the Joint Board, including any imposition of penalties, shall be final and binding upon the signatory contractors and the Union, all members of each thereof and all interested parties." (*See* Kugielska Decl., Exhibit "B," Article XIV.) Accordingly, the Award must be confirmed because the parties agreed that arbitration decisions must be final and binding.

### III. PETITIONERS ARE ENTITLED TO PAYMENT OF THEIR LEGAL FEES AND EXPENSES IN BRINGING THIS PETITION

The Petitioners are entitled to payment of their attorneys' fees and costs incurred in bringing this petition. Courts may award attorneys' fees and costs in an action to confirm an arbitration where the Respondent has refused to comply with the arbitration award without justification. *NYC Dist. Council of Carpenters Pension Fund v. Eastern Millenium Const., Inc.*, No. 03 Civ. 5122, 2003 U.S. Dist. LEXIS 21139, at *8, *9 (S.D.N.Y. Nov. 21, 2003), *quoting Int'l Chemical Workers Union Local No. 227 v. BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985) (noting that "because a court may, in the exercise of its inherent equitable powers, award attorneys' fees when opposing counsel acts in bad faith, attorneys' fees and costs may be proper when a party opposing confirmation of [an] arbitration award 'refuses to abide by an arbitrator's decision without justification,'" and awarding attorneys' fees and costs where respondent did not appear at an arbitration hearing or oppose an action to confirm an award.); *In the Matter of Arbitration between Soft Drink and Brewery Workers Union Local 812, IBT, AFL-CIO and Ali-Dana Beverages, Inc.*, No. 95 Civ. 8081, 1996 U.S. Dist. LEXIS 10585, at *8 (S.D.N.Y. July 25, 1996) (awarding attorneys' fees where defendant "failed to either pay the award or file a motion to vacate or modify"); *Hunt v. Commodity Haulage Corp.*, 647 F. Supp. 797, 799 (E.D.N.Y. 1986) (finding defendants' resistance to arbitration award was "without justification" where defendants had agreed to binding arbitration under a collective bargaining agreement, then chose not to participate in the arbitration proceedings and did not oppose application for confirmation, awarding attorneys' fees and costs to petitioner).

Respondent agreed, pursuant to its CBA with the Union, to submit disputes to arbitration. Respondent has not complied in any way with the May 3, 2023 Award. Furthermore, Respondent has not moved the Court to modify or vacate the May 3, 2023 Award. Respondent's failure to

comply with the Award is without justification and an award of Petitioners' attorneys' fees and costs in bringing this application before the Court is proper.

## CONCLUSION

Based on the foregoing, the Court should confirm the May 3, 2023 Award in this matter.

WHEREFORE, Petitioner request an Order:

A. Confirming the Award issued by the Joint Trade Board of the Drywall Tapers Industry on May 3, 2023; and

B. Granting Petitioners such other and further relief as the Court deems just and proper.

Dated:  Hempstead, New York
       August 10, 2023

                              Respectfully submitted,

                              By: /s/ Lauren M. Kugielska
                                *Attorneys for Petitioners*
                                Barnes, Iaccarino & Shepherd LLP
                                3 Surrey Lane
                                Hempstead, New York 11550
                                Phone: (516) 483-2990
                                Fax:    (516) 483-0566
                                lkugielska@bislawfirm.com