UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DRYWALL TAPERS AND POINTERS OF GREATER
NEW YORK LOCAL UNION 1974, ET AL.,

                              Petitioners,

                    -v-

KPM CONSTRUCTION *a/k/a*
KPM CONSTRUCTION CORP.,

                              Respondent.

23 Civ. 7105 (PAE)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

This decision resolves a petition to confirm an arbitral award. Petitioners are the Drywall Tapers and Pointers of Greater New York Local Union 1974, affiliated with the International Union of Allied Painters and Allied Trades, AFL-CIO (the "Union"); and the Trustees of the Drywall Tapers and Pointers Local Union 1974 Benefit Funds (the "Funds"). Respondent KPM Construction ("KPM") is an employer bound by a collective bargaining agreement with the Union.

On August 11, 2023, petitioners filed a petition (the "Petition") to confirm an arbitral award issued against respondent (the "Award"), and to recovery attorneys' fees and costs incurred in bringing this action. Dkt. 1 ("Pet."). The Petition was filed under Section 502(a)(3) of the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(3); Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C § 185; and Section 9 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9.

For the following reasons, the Court confirms the Award, and grants petitioners' request for attorneys' fees and costs.

I.    **Background**[1]

A.    **The Collective Bargaining Agreement**

At all times relevant to this Petition, KPM was party to a collective bargaining agreement ("CBA") with the Union.  Dkt. 3, Ex. B ("CBA").  As relevant here, Article XX of the CBA requires the employer (here, KPM) to pay specified fringe benefits to the Funds on behalf of each employee employed by KPM and covered by the Agreement.  CBA at 34–35.  Article XIII, which sets out a grievance procedure under the CBA, provides in Section 6, Violation 9 that a "[f]ailure to pay wages and/or fringe benefits or payment in cash for wages and/or fringe benefits" by the employer will result in a fine and award of liquidated damages.  *Id.* at 23–24.

Further, the grievance procedure contemplated in Articles XIII and XIV of the CBA directs that complaints or disputes be submitted to the Joint Trade Board for final, binding decisions.  *Id.* at 24–25.  The Joint Trade Board is authorized under the CBA to "render an award which may include the impositions of fines and/or penalties," as set out "in the schedule of standardized fines which are made a part of [Article XIII, Section 6 of the CBA]."  *Id.* at 20.

B.    **The Arbitral Award**

After a dispute arose in which the Union claimed KPM failed to pay required fringe benefits on behalf of seven Union members, the Union served KPM with Notices of Intention to Arbitrate before the Joint Trade Board on April 13, 2023.  *See* Dkt. 3, Ex. A ("Award Dec'n") at 1.  On April 27, 2023, the Joint Trade Board held a hearing, but no representative from KPM appeared.  *Id.* at 1–2.  After review of the Union's submissions documenting the benefits it claimed KPM had failed to pay to the Funds, the Board "deliberated and found KPM guilty for failure to submit fringe benefits, in violation of Article XX and Article XIII Section 6 Violation

---

[1] The following undisputed facts are derived from the Petition; petitioners' memorandum of law, Dkt. 1, Ex. 1 ("Pet. Br."); and the Arbitration Decision and Award dated May 3, 2023.

9 of the Agreement." *Id.* at 3. The Joint Trade Board ordered KPM to pay, within 10 days of receipt of the decision, $10,310.22 to the Funds representing the unpaid fringe benefits, and a $14,000 fine to the Joint Trade Board. *Id.* at 3–4.

The Award was served on KPM the day it was issued, on May 3, 2023. Pet. ¶ 12. After KPM failed to comply with the Award's terms, the Union served KPM with a demand letter. *Id.* ¶ 13. To date, KPM has failed to comply with the Award, which itself has not been vacated, modified, or corrected. *Id.* ¶¶ 14, 17.

### C.     This Action

On August 11, 2023, after KPM failed to comply with the Award, petitioners filed this action, seeking confirmation of the Award in its entirety, KPM's payment of $10,312.22 in benefits to the Funds, KPM's payment of the $14,000 fine to the Joint Trade Board, plus their attorneys' fees and costs associated with bringing this action. Pet. at 4; Pet. Br. at 6. Petitioners filed a declaration in support of their Petition as well as attached exhibits. Dkt. 3.

On September 11, 2023, petitioners effected service on KPM. Dkt. 11. On September 14, 2023, the Court ordered petitioners to file and serve any additional materials in support of the petition by September 22, 2023, with KPM's opposition due on October 6, 2023. Dkt. 12. The Court later granted an extension of time to file additional materials to October 6, 2023, making KPM's response due on October 20, 2023. Dkt. 14.

On September 29, 2023, petitioners filed an affidavit and affirmation in further support of the petition, as well as an attached exhibit, largely addressing attorneys' fees. Dkts. 16–17. That same day, petitioners filed an affidavit of service of the affirmation on KPM. Dkt. 18.

To date, KPM has not appeared in this action or taken any steps in response to the Petition.

## II.     Discussion

The Court treats this Petition for confirmation of an arbitral award as a motion for summary judgment. *See D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 109–10 (2d Cir. 2006). Because the Petition is unopposed, the Court treats it as an unopposed motion for summary judgment. *See id.*

### A.     Applicable Legal Standards

"Arbitration awards are not self-enforcing"; "they must be given force and effect by being converted to judicial orders by courts." *Power Partners MasTec, LLC v. Premier Power Renewable Energy, Inc.*, No. 14 Civ. 8420 (WHP), 2015 WL 774714, at *1 (S.D.N.Y. Feb. 20, 2015) (quoting *D.H. Blair*, 462 F.3d at 104) (internal quotation mark omitted).  The FAA provides a "'streamlined' process for a party seeking 'a judicial decree confirming an award.'" *Salzman v. KCD Fin., Inc.*, No. 11 Civ. 5865 (DLC), 2011 WL 6778499, at *2 (S.D.N.Y. Dec. 21, 2011) (quoting *Hall St. Assocs. L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008)).

"Normally, confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, and the court must grant the award unless the award is vacated, modified, or corrected." *D.H. Blair*, 462 F.3d at 110 (citations and internal quotation marks omitted).  In this Circuit, "[t]he showing required to avoid summary confirmation of an arbitration award is high." *Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp.*, 103 F.3d 9, 12 (2d Cir. 1997) (quoting *Ottley v. Schwartzberg*, 819 F.2d 373, 376 (2d Cir. 1987)); *see also Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 388 (2d Cir. 2003) ("It is well established that courts must grant an [arbitrator's] decision great deference.").

Review of an arbitral award by a district court "is 'severely limited' so as not unduly to frustrate the goals of arbitration, namely, to settle disputes efficiently and avoid long and

expensive litigation." *Salzman*, 2011 WL 6778499, at *2 (quoting *Willemijn*, 103 F.3d at 12).

"[A]n arbitration award should be enforced, despite a court's disagreement with it on the merits,

if there is 'a barely colorable justification for the outcome reached.'" *Landy Michaels Realty*

*Corp. v. Local 32B–32J, Serv. Emps. Int'l Union, AFL–CIO*, 954 F.2d 794, 797 (2d Cir. 1992)

(quoting *Andros Compania Maritima, S.A. v. Marc Rich & Co.*, 579 F.2d 691, 704 (2d Cir.

1978)).

To prevail on a motion for summary judgment, the movant must "show[ ] that there is no

genuine dispute as to any material fact and the movant is entitled to judgment as a matter of

law." Fed. R. Civ. P. 56(a).  In making this determination, the Court must view all facts "in the

light most favorable" to the non-moving party.  *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014)

(citations omitted).  In determining whether there are genuine issues of material fact, the Court is

"required to resolve all ambiguities and draw all permissible factual inferences in favor of the

party against whom summary judgment is sought." *Johnson v. Killian*, 680 F.3d 234, 236 (2d

Cir. 2012) (quoting *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (internal quotation marks

omitted)).

"Even when a motion for summary judgment is unopposed, the district court is not

relieved of its duty to decide whether the movant is entitled to judgment as a matter of law." *Vt.*

*Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 242 (2d Cir. 2004); *see also Amaker v.*

*Foley*, 274 F.3d 677, 681 (2d Cir. 2001).  In reviewing an unopposed motion for confirmation of

an arbitral award, a court:

> may not grant the motion without first examining the moving party's submission to
> determine if it has met its burden of demonstrating that no material issue of fact
> remains for trial.  If the evidence submitted in support of the summary judgment
> motion does not meet the movant's burden of production, then summary judgment
> must be denied *even if no opposing evidentiary matter is presented.*

D.H. Blair, 462 F.3d at 110 (quoting *Vt. Teddy Bear Co.*, 373 F.3d at 244).  Where "[t]here is no indication that the arbitration decision was made arbitrarily, exceeded the arbitrator's jurisdiction, or otherwise was contrary to law . . . a court must grant an order to confirm an arbitration award upon the timely application of a party." *Herrenknecht Corp. v. Best Rd. Boring*, No. 06 Civ. 5106 (JFK), 2007 WL 1149122, at *2 (S.D.N.Y. Apr. 16, 2007) (citing 9 U.S.C. § 9; *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984)).

### B.   Confirming the Award

On the basis of the Award and petitioners' submissions, and having undertaken the limited review that is appropriate here, the Court finds that petitioners have shown that there is no material issue of fact for trial, warranting summary judgment.  The Joint Trade Board acted within the scope of the authority granted to it by the parties.  *See* CBA Arts. XIII, XVI.  The Joint Trade Board found KPM to be delinquent in fringe benefit payments due under the CBA, as established by petitioners' submissions.  Award Dec'n at 3.  The Joint Trade Board directed KPM to pay the amount of the delinquent contributions as well as a $14,000 fine to the Joint Trade Board.  *Id.* at 3–4.  The Court concludes that there was at least a "barely colorable justification for the outcome reached." *Landry Michaels Realty Corp.*, 954 F.2d at 797.

Accordingly, the Court confirms the arbitral award in favor of petitioners.

### C.   Attorneys' Fees and Costs

Petitioners also seek to recover attorneys' fees of $1440.00 and costs of $535.00, both incurred in bringing this action.  Dkt. 17 at 3–4.

Petitioners are entitled to these awards.  ERISA provides for "reasonable attorney's fees and costs of the action, to be paid by the defendant." 29 U.S.C. § 1132(g).  Furthermore, "courts have routinely awarded attorneys['] fees in cases where a party merely refuses to abide by an arbitrator's award without challenging or seeking to vacate it through a motion to the court."

6

*Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund v. All. Workroom Corp.*, No. 13

Civ. 5096 (KPF), 2013 WL 6498165, at *6 (S.D.N.Y. Dec. 11, 2013) (quoting *Abondolo v. H. &*

*M.S. Meat Corp.*, No. 07 Civ. 3870 (RJS), 2008 WL 2047612, at *4 (S.D.N.Y. May 12, 2008))

(internal quotation marks omitted).

Here, KPM failed to remit delinquent contributions, appear at the hearing before the Joint

Trade Board in the first place, abide by the Award, or respond to the Petition seeking to confirm

the Award. It is therefore appropriate to award petitioners reasonable attorneys' fees and costs

incurred in pursuing this action. In support of their request for fees and costs, petitioners

submitted an affirmation listing the completed tasks, attorney's hourly rate, and billed hours.

Dkt. 17. The requested attorneys' fees are reasonable and in line with other attorneys' fees

awarded in similar actions in this District. *See Trs. of N.Y.C. Dist. Council of Carpenters*

*Pension Fund,* 2013 WL 6498165, at *7 (collecting cases). Petitioners' submissions also invoice

the service fees and court filing fees incurred in bringing this action. *See* Dkt. 17, Ex. A. The

Court therefore awards petitioners $1,975 in attorneys' fees and costs.

## CONCLUSION

For the reasons stated above, the Court confirms the Award in favor of petitioners and

issues judgment in the amount of $24,312.22, plus interest at a rate of 5.25% from the date of the

Award through the date of this judgment, plus attorneys' fees and costs in the amount of $1,975.

The Clerk of Court is respectfully directed to close this case and enter judgment in favor of

petitioners as outlined above.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: March 26, 2024
       New York, New York